**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ANTHONY HAWKINS,**

    **Plaintiff,**

**vs.**                                      **CASE NO. 1:07CV155-MP/AK**

**CITY OF GAINESVILLE,**

    **Defendant.**

    _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 against the City of Gainesville alleging that the city ordinance that prohibits sex offenders from living within 2500 feet of the city limits[1] violates the constitutional law that provides that people can live in any city of their choosing. (Doc. 1). Plaintiff claims that this ordinance violates the Equal Protection, Due Process and Double Jeopardy Clauses of the Constitution and he seeks $20 million dollars for defamation of character, infringement upon a constitutional right, mental anguish and pain and suffering, and homelessness. (Doc. 1).

---

[1] Presumably, Plaintiff means that the 2500 foot limit is from schools, bus stops, daycare centers, and other places where children congregate as referenced in the newspaper article attached to the complaint.

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners

**No. 1:07cv155-mp/ak**

since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

This lawsuit is clearly frivolous and should constitute a strike within the meaning of 28 U.S.C. §1915(g). There is no constitutional law that provides that people can live wherever they want and sex offenders are not a protected class under the Equal Protection Clause. See Damiano v. Florida Parole and Probation Comm., 785 F.2d 929, 932-33 (11th Cir. 1986) (Plaintiff must set forth facts which show that Defendant discriminated against him on the basis of "race, religion, national origin, poverty or some other constitutionally protected interest.") . Plaintiff offers no facts or arguments to support a claim that this unidentified ordinance violated his due process rights or somehow violates double jeopardy.

Further, Plaintiff has no standing to bring this lawsuit since it appears that he is presently incarcerated and has not shown an injury in fact, i.e. that he has or is seeking a residence that is precluded by application of the ordinance. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992). In order to establish standing, a plaintiff must make a three-prong showing: (1) that he has suffered an "injury in fact;" (2) there must be a causal connection between the injury and the defendant's conduct; and (3) that it is

**No. 1:07cv155-mp/ak**

likely and not speculative that the injury can be remedied by a favorable decision in the case at hand. *Id.*

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii), and that this dismissal counts as a strike within the meaning of 28 U.S.C. 1915(g).

**IN CHAMBERS** at Gainesville, Florida, this 2nd Day of November, 2007.

S/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:07cv155-mp/ak**